UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BOONE COUNTY UTILITIES, LLC | ) | CASE NO. 03-16707-AJM-11 |
| | ) | |
| Debtor | ) | |

### ORDER OVERRULING WHITESTOWN'S OBJECTION AND GRANTING BOARD OF COMMISSIONERS' MOTION FOR EXTENSION OF TIME FOR APPEAL

This Court on March 19, 2004 conducted a telephonic conference with all interested parties, discussing its ruling on the Debtor's Stay Enforcement Motion, the Board of Commissioners' ("Commissioners") Abstention Motion and the Town of Whitestown's Motion to Enjoin Proceedings Before the Boone County Circuit Court ("Whitestown's Motion"), all of which had been heard by the Court on March 15, 2004 and taken under advisement. The Court on April 1, 2004 issued its written order with respect to the March 19th conference.

Ten (10) days following the March 19th telephonic conference, but prior to the April 1st entry of the written order, the Commissioners moved to extend the time in which to appeal the decision announced in the March 19th conference, asking for an extension up to and including April 19, 2004. Whitestown has objected to the Commissioners' request.

Subsection (c) of Rule 8002 of the Federal Rules of Bankruptcy Procedure provide in part that "[a] request to extend the time for filing a notice of appeal must be made by written motion field before the time for filing a notice of appeal has expired...", and a notice of appeal must be filed with the clerk "within 10 days of the date of the


:UMENT NO. 177

entry of the judgment, order or decree appealed from". Subsection (a) of that same rule provides in part that "[a] notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order or decree shall be treated as filed *after such entry and on the day thereof*". (Emphasis added).

With respect to the length of time in which a party can move to extend the time to appeal, subsection (c) also provides in part that "[a]n extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later".

The Court announced its decision on March 19th. The written order with respect to the March 19th conference was issued on April 1st and was docketed the same day. Under Rule 8002, a notice of appeal would need to have been filed within ten (10) days of the *April 1st written order*.[1] Because April 11th fell on a Sunday, the last date to file a notice of appeal, or a motion for extension of time to appeal, would have been April 12, 2004. The maximum length of time the Commissioners could have sought to appeal is 20 days from April 12, 2004, or May 2, 2004 but since May 2nd falls on a Sunday, the deadline would be May 3rd. The Commissioners have asked for an extension up to April 19th, well within the 20-day limit.

Accordingly, the Court OVERRULES Whitestown's objection and GRANTS the

---

[1] Even if the trigger date from which to count the ten day appeal period ran from the March 19th telephonic conference date, the last date to file an appeal or an extension of time to appeal would have been March 29th. The Commissioners filed their Motion for Extension of Time on March 29th. The maximum 20 day extension period expires on April 19th. The Commissioners seek an extension up to and including April 19th. Thus, even using the March 19th date as the date from which the ten day notice period is to be counted, the Commissioners seek an extension within the time periods under Rule 8002.

2

Commissioners' Motion for Extension of Time for Appeal Pursuant to Fed. R. Bankr. P. 8002(c).

DATE: __APR 1 3 2004__

_____
ANTHONY J. METZ, III, Judge
United States Bankruptcy Court

Distribution:

John Bator/ Rita Baldwin, Counsel for Debtor
David Jurkiewicz, Counsel for Whitestown
Elliott Levin, Counsel for the Official Unsecured Creditors' Committee
Nicholas Kile, Counsel for Valenti-Held Real Estate Group, LLP
Thomas Scherer/ Wayne Turner/ Robert Glennon, Counsel for the Board of Commissioners of Boone County
Marlene Reich/Jerald Ancel, Counsel for the City of Indianapolis, Dept. of Public Works and Department of Waterworks
Thomas Eckerle, Counsel for White River Venture Partners, LP and Samuel B. Sutphin
Timothy J. Junk, Office of the Attorney General of Indiana
Christine Jacobson, Counsel for Reitz Properties LLC
Bradley Shephard, Counsel for the United States Trustee