UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: )
)
BOONE COUNTY UTILITIES, LLC ) CASE NO. 03-16707-AJM-11
)
Debtor )

**ORDER DENYING MOTION FOR RELIEF FROM STAY FILED BY
THE BOARD OF COMMISSIONERS OF BOONE COUNTY**

The Debtor filed this chapter 11 case on September 8, 2003 (the "Petition Date"). Nearly two years before the Petition Date, the Board of Commissioners of Boone County, Indiana (the "Commissioners") petitioned the IURC to revoke the Debtor's certificate of territorial authority and that administrative proceeding is pending. Suffice to say that the main goal of the Commissioners, at least at that point, was for the transfer of the Debtor's utility assets to a more suitable operator.

As a result of a lengthy hearing held on March 22, 2004, the Court by written order of March 25, 2004 (the "March 25th Order") authorized the Debtor to sell substantially all of its assets to Whitestown. A provision of the Purchase Agreement attached to and made part of the March 25th Order set forth a condition that all required approvals by any governmental body necessary for the consummation of the sale would be obtained. Counsel for Whitestown has maintained in open court that, if approval by the Indiana Utility Regulatory Commission (the "IURC") is required, it will be obtained, even though it is Whitestown's belief that IURC approval is not required.

On April 2, 2004, the Commissioners filed their Motion for Relief from Stay (the "Relief from Stay Motion") in which the Indiana Office of Utility Consumer Counselor



("OUCC") joined. Hearing on the Relief from Stay Motion as well as the objections to that motion filed by the Debtor, the Town of Whitestown ("Whitestown"), and Valenti-Held Real Estate Group, LLP ("Valenti-Held) was held on April 23, 2004.[1] The Relief from Stay Motion asks this Court to lift the stay in order to permit the Commissioners to request that the IURC determine whether it has jurisdiction to approve Whitestown as the transferee of the Debtor's utility assets.

Until February 25, 2004, the IURC continued to hold hearings to consider bids submitted for the purchase of the Debtor's assets. In its "stand down" order of February 25, 2004, the IURC stayed all further proceedings before the IURC in light of the upcoming March 22nd bankruptcy hearing on the approval of the sale of the Debtor's assets to Whitestown. The Commissioners have voiced on several occasion their position that this Court either does not have jurisdiction to conduct a sale of the Debtor's utility assets, that this Court should abstain from authorizing the sale of assets, or that the continued actions of the IURC with respect to considering bids are the enforcement of its regulatory powers exempted from the automatic stay under 11 U.S.C. §362(b)(4). Despite the Commissioners' standing under state law to petition the IURC to take action against the Debtor, the Commissioners are not creditors in this

---

[1] In that hearing, the Debtor appeared by counsel John Bator, Robert Bruner and Rita Baldwin; Samuel B. Sutphin ("Sutphin") and White River Venture Partners, L.P. ("White River") appeared by counsel Thomas Eckerle; the Commissioners appeared by their counsel, Thomas Scherer, Wayne Turner and Robert Glennon; the Town of Whitestown appeared by counsel, David Jurkiewicz and Mark Need; Valenti-Held Real Estate Group appeared by counsel, Nicholas Kile and Claudia Earls; the Official Unsecured Creditors' Committee appeared by counsel James Rossow; the OUCC appeared by counsel C. Daniel Motsinger, Martha Lehman, Steven Sherman and Robert Schein; Aqua Indiana appeared by counsel Erica Black and Jay Jaffe; the Indiana Utility Regulatory Commission ("IURC") appeared in a limited capacity by counsel Tim Junk and Andrea Brandes.

proceeding. Nor is it plain that the Commissioners are "parties in interest" because their only nexus pre petition to the debtor was that of a party that petitioned the IURC to act against the Debtor, and a "party in interest" must have a "legally protected interest that could be affected by a bankruptcy proceeding". *In re James Wilson Assoc.*, 965 F.2d 160, 169 (7th Cir. 1992). The Commissioners did submit a bid in this Court to purchase the Debtor's assets, but it was Whitestown's bid that was ultimately approved, and the Commissioners' status as unsuccessful bidders do not confer upon them the standing to seek relief from the stay. *In re Rook Broadcasting of Idaho, Inc.*, 154 B.R. 970, 974 (Bankr. D. Idaho 1993).

Assuming arguendo that the Commissioners have standing to seek stay relief, prevailing upon the IURC to determine whether it has jurisdiction to approve Whitestown as a buyer of the Debtor's assets may prove an empty gesture. The IURC, as an administrative agency, derives its authority from the Legislature and therefore its jurisdiction is limited; the proceedings before it are not judicial, but administrative in character. *Kentucky-Indiana Municipal Power Assn. v. Public Service Co. of Indiana*, 393 N.E.2d 776, 780 (Ind. App. 1979) (hereinafter, "KIMPA"). In KIMPA, certain Indiana and Kentucky municipalities (collectively, "KIMPA") sought from the Public Service Commission a determination as to the extent to which the PSC had jurisdiction over KIMPA, and, if it had jurisdiction, the approval of an agreement between the members of KIMPA to provide a power supply to KIMPA members. Recognizing that the PSB was essentially a fact finding body, the KIMPA court determined that the relief sought by the plaintiffs sought not fact finding, but "a determination of their rights, status, and legal relations under various statutes". KIMPA

at 781. The court held that the relief sought should have been brought as a declaratory judgment proceeding in a court of record, and not as a petition before the PSB since the PSB was not empowered to issue declaratory judgments, given its essential function solely as a fact finding body. *Id.*

Although it is well settled that an administrative agency such as the IURC can determine its own jurisdiction, that maxim applies where, as a matter of first course in the initial stages of the proceeding it is determined that the IURC has subject matter jurisdiction to hear that which was brought before it. Here, an intervening bankruptcy occurred, and, the IURC unconditionally acknowledged the Bankruptcy Court's jurisdiction over the sale of the Debtor's assets [2]. Lifting the stay to allow the IURC to decide whether it has jurisdiction to approve Whitestown as a buyer could lead to contradictory rulings by the IURC. If the IURC decided it indeed had jurisdiction to approve Whitestown, and ultimately determined that Whitestown was not a suitable transferee, what results? Is the Bankruptcy Court's March 25th Order void because Whitestown has not been approved as the buyer by the IURC, or would Whitestown still be able to consummate the purchase of the Debtor's assets despite the IURC's lack of "approval"? If the sale is still able to be completed despite the IURC's "disapproval", then the IURC act would be an empty gesture and there would be nothing to be gained by lifting the stay. If indeed the IURC's lack of approval means that the sale *cannot* go forward, such an interpretation is in direct conflict with the IURC's earlier order that this

---

[2] The IURC's February 25, 2004 order provided, in part, that "[t]he Commission recognizes that the United States Bankruptcy Court has the full power and exclusive jurisdiction to conduct the sale of the assets of Boone County Utilities...."

4

Court has *exclusive jurisdiction* to conduct the sale of the Debtor's assets, for nothing in that order suggested that this Court had the jurisdiction to conduct the sale of the assets "subject to the approval of the IURC". The IURC's February 25th order should be read for what it is: this court has exclusive jurisdiction to conduct the sale of the Debtor's assets, free from conditions or approval by any other court or administrative agency. Lifting the stay would only create the potential for conflict and serve to delay closing of the sale to Whitestown.

Accordingly, the Motion for Relief from Stay filed by the Commissioners is DENIED.

DATE: April 27, 2004

ANTHONY J. METZ, III, Judge
United States Bankruptcy Court

Distribution:

John Bator/ Rita Baldwin/ Robert Bruner, Counsel for Debtor
David Jurkiewicz / Mark Need, Counsel for Whitestown
Elliott Levin /Jim Rossow, Counsel for the Official Unsecured Creditors' Committee
Nicholas Kile / Claudia Earls, Counsel for Valenti-Held Real Estate Group, LLP
Thomas Scherer/ Wayne Turner/ Robert Glennon, Counsel for the Board of Commissioners of Boone County
Marlene Reich/Jerald Ancel, Counsel for the City of Indianapolis, Dept. of Public Works and Department of Waterworks
Thomas Eckerle, Counsel for White River Venture Partners, LP and Samuel B. Sutphin
Timothy J. Junk/ Andrea Brandes, Office of the Attorney General of Indiana
Christine Jacobson, Counsel for Reitz Properties LLC
C. Daniel Motsinger, Martha Lehman, Steven Sherman and Robert Schein, counsel for the Indiana Office of Utility Consumer Counselor
Jay Jaffe / Erica Black, Counsel for Aqua Indiana
Bradley Shephard, Counsel for the United States Trustee

# FAX COVER SHEET

ANTHONY J. METZ, III, JUDGE
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
317 UNITED STATES COURTHOUSE
46 EAST OHIO STREET
INDIANAPOLIS, INDIANA 46204
TELEPHONE: (317) 229-3880
CHAMBERS FACSIMILE: (317) 229-3886

NOTE: PLEASE DELIVER IMMEDIATELY

DATE: April 27, 2004

TO:
| Name | FAX |
|---|---|
| John Bator | 636-8686 |
| Mark Need | 684-5173 |
| Tom Scherer | 236-9907 |
| Elliott Levin | 263-9411 |
| Nicholas Kile | 231-7433 |
| Jerry Ancel | 713-3699 |
| Tom Eckerle | 639-0191 |
| Christine Jacobson | 639-6444 |
| Dan Motsinger | 636-1507 |
| Jay Jaffe | 569-4800 |
| Tim Junk | 464-1506 |
| Brad Shephard | 226-6356 |

FROM: Pat Marshall, Law Clerk

SUBJECT: Boone County Utilities, LLC
Case No. 03-16707-AJM-11
Orders on: (1) Commissioners' Motion to Clarify and (2) Motion for Relief from Stay

NUMBER OF PAGES (INCLUDING THIS COVER SHEET) 11

MESSAGE: