UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BOONE COUNTY UTILITIES, LLC | ) | CASE NO. 03-16707-AJM-11 |
| | ) | |
| Debtor | ) | |

## ORDER DENYING MOTION TO CLARIFY FILED BY
## THE BOARD OF COMMISSIONERS OF BOONE COUNTY

This Court on March 22, 2004 held a hearing to consider approval of the Debtor's motion to sell its assets to Whitestown, a motion to which the Board of Commissioners of Boone County, Indiana (the "Commissioners") objected. As a result of the lengthy hearing held on that motion, this Court entered on March 25, 2004 its "Memorandum of Decision" (the "March 25th Order") approving the sale of the Debtor's assets to Whitestown. On April 1, 2004, the Commissioners filed their motion to clarify, alter or amend the March 25th Order (the "Motion to Clarify") in which the Indiana Office of Utility Consumer Counselor ("OUCC") joined. Hearing on the Motion to Clarify and the responses / objections thereto filed by the Debtor, the Town of Whitestown ("Whitestown"), and Valenti-Held Real Estate Group, LLP ("Valenti-Held) was held on April 23, 2004. [1]

---

[1] In that hearing, the Debtor appeared by counsel John Bator, Robert Bruner and Rita Baldwin; Samuel B. Sutphin ("Sutphin") and White River Venture Partners, L.P. ("White River") appeared by counsel Thomas Eckerle; the Commissioners appeared by their counsel, Thomas Scherer, Wayne Turner and Robert Glennon; the Town of Whitestown appeared by counsel, David Jurkiewicz and Mark Need; Valenti-Held Real Estate Group appeared by counsel, Nicholas Kile and Claudia Earls; the Official Unsecured Creditors' Committee appeared by counsel James Rossow; the OUCC appeared by counsel C. Daniel Motsinger, Martha Lehman, Steven Sherman and Robert Schein; Aqua Indiana appeared by counsel Erica Black and Jay Jaffe; the Indiana Utility Regulatory Commission ("IURC") appeared in a limited capacity by counsel Tim Junk and Andrea Brandes.

1

The Commissioners point to three paragraphs in the March 25th Order in which they contend should be clarified. In the opinion of this Court, the three paragraphs singled out by the Commissioners do not expressly pertain to the Commissioners. Paragraph 4 of the findings of fact merely states that the sale motion "was served duly and properly on all required persons and entities, including all persons claiming any interest in the assets proposed for sale". The Commissioners argue that, to the extent this paragraph suggests that the State of Indiana and the IURC were served with the motion, it should not be interpreted to read that they waived any 11th amendment rights. Nothing in this finding so states. Nothing in this paragraph states that the Commissioners were served with the motion and so the paragraph does not affect the Commissioners. Furthermore, if the State of Indiana or the IURC were concerned with the preclusive effect, if any, of this paragraph, they could have asked this Court to alter or amend it, and no such requests have been made.

Paragraph 6(j) of the conclusions of law directs each federal, state and local governmental subdivision to accept all documents and instruments appropriate to consummation of the Purchase Agreement, including documents required to transfer ownership to Whitestown. However, in the April 23rd hearing, counsel for the Commissioners stated that Whitestown was not required under law to file or submit any documents to the Commissioners in order to complete the transfer to Whitestown of the Debtor's assets. Again, paragraph 6(j) does not pertain to the Commissioners and therefore it will not be altered.

---

Finally, paragraph 6(l) of the conclusions of law states that the March 25th Order binds all parties in interest and "all persons referred to herein, all persons obligated to comply herewith by virtue of the Bankruptcy Code, and all parties to the Purchase Agreement". The Commissioners are not specifically referred to in the March 25th Order and are not parties to the Purchase Agreement. A finding that all persons who, under the Bankruptcy Code, are obligated to comply with the March 25th Order, simply reiterates that all those so referred to in the March 25th Order are also bound by the provisions of the Bankruptcy Code. Paragraph 6(l) will not be altered.

The real concern of the Commissioners is that, to the extent the IURC's approval of the sale is required under state law, these three paragraphs collectively operate to dispense with that requirement by somehow finding that IURC approval shall not be necessary. Nothing in the March 25th Order can be read as dispensing with any such statute that requires approval of the sale by the IURC. Attached to the March 25th order and made a part thereof was the Purchase Agreement between the Debtor and Whitestown. Paragraphs 4.1 and 4.2 of that agreement contain conditions precedent to be performed by the Debtor and Whitestown before the other is to be bound by the agreement, and such conditions precedent include obtaining the necessary approvals of any government body necessary to the consummation of the sale. Specifically, the Debtor and Whitestown agreed that the obligations to each other were subject to the satisfaction of the condition that "[a]ll licenses, permits, certificates, tariffs, authorizations, consents, orders, and approvals of any Governmental Body necessary for the consummation of the Contemplated Transactions shall be obtained....". In paragraphs 5.2 and 6.2 of the Purchase Agreement, the Debtor and Whitestown

3

represented and warranted to each other than the consummation of the sale does not violate any order or regulation of any governmental body or require approval of any governmental body.

Consistent with the pronouncements from the bench and from Whitestown's counsel in the many hearings held before the sale as well as the March 22nd hearing, Whitestown will seek IURC approval of its purchase of the Debtor's assets if it is legally required to do so. True, it may be Whitestown's current position that it is not legally obligated to seek the IURC's approval, but nothing in the March 25th Order finds that (1) said approval is not necessary; or (2) that such approval, if required, is dispensed with. Simply put, this Court has never made a finding as to whether Whitestown is required to seek IURC approval because none of the parties here have requested such a ruling. The terms of the March 25th Order prevail, not a particular party's interpretation of that order. With no such finding in the March 25th Order as to whether IURC approval is necessary, the March 25th Order need not be altered as the Commissioners suggest.

For these reasons and for the reasons further stated on the record in the April 23rd hearing, the Commissioners' Motion to Clarify is DENIED.

DATE: April 27, 2004

ANTHONY ____, Judge
United States Bankruptcy Court

Distribution: — *faxed to all parties, see attached fax cover page 4-27-04* [handwritten]

John Bator/ Rita Baldwin/ Robert Bruner, Counsel for Debtor
David Jurkiewicz / Mark Need, Counsel for Whitestown
Elliott Levin /Jim Rossow, Counsel for the Official Unsecured Creditors' Committee
Nicholas Kile / Claudia Earls, Counsel for Valenti-Held Real Estate Group, LLP
Thomas Scherer/ Wayne Turner/ Robert Glennon, Counsel for the Board of Commissioners of Boone County
Marlene Reich/Jerald Ancel, Counsel for the City of Indianapolis, Dept. of Public Works and Department of Waterworks
Thomas Eckerle, Counsel for White River Venture Partners, LP and Samuel B. Sutphin
Timothy J. Junk/ Andrea Brandes, Office of the Attorney General of Indiana
Christine Jacobson, Counsel for Reitz Properties LLC
C. Daniel Motsinger, Martha Lehman, Steven Sherman and Robert Schein, counsel for the Indiana Office of Utility Consumer Counselor
Jay Jaffe / Erica Black, Counsel for Aqua Indiana
Bradley Shephard, Counsel for the United States Trustee

5

# FAX COVER SHEET

ANTHONY J. METZ, III, JUDGE
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
317 UNITED STATES COURTHOUSE
46 EAST OHIO STREET
INDIANAPOLIS, INDIANA 46204
TELEPHONE: (317) 229-3880
CHAMBERS FACSIMILE: (317) 229-3886

**NOTE: PLEASE DELIVER IMMEDIATELY**

DATE:   April 27, 2004

TO:     John Bator            FAX:  636-8686
        Mark Need             FAX:  684-5173
        Tom Scherer           FAX:  236-9907
        Elliott Levin         FAX:  263-9411
        Nicholas Kile         FAX:  231-7433
        Jerry Ancel           FAX:  713-3699
        Tom Eckerle           FAX:  639-0191
        Christine Jacobson    FAX:  639-6444
        Dan Motsinger         FAX:  636-1507
        Jay Jaffe             FAX:  569-4800
        Tim Junk              FAX:  464-1506
        Brad Shephard         FAX:  226-6356

FROM:   Pat Marshall, Law Clerk

SUBJECT: Boone County Utilities, LLC
        Case No. 03-16707-AJM-11
        Orders on: (1) Commissioners' Motion to Clarify and (2) Motion for Relief from Stay

NUMBER OF PAGES (INCLUDING THIS COVER SHEET)  11

MESSAGE: