SO ORDERED: May 20, 2005.



Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BOONE COUNTY UTILITIES, LLC | ) | CASE NO. 03-16707-AJM-11 |
| | ) | |
| Debtor | ) | |

**ORDER ON DEBTOR'S OBJECTIONS TO BRANHAM CORPORATION'S CLAIMS**

This matter came before the Court upon the Debtor's objections to Claims 6, 9 and 12 filed by The Branham Corporation ("Branham") as well as Debtor's objection to Branham's "informal proof of claim".  A hearing on these matters was held on May 18, 2005 wherein the Debtor appeared by counsel, John Bator and Robert Bruner; Branham appeared by counsel, Annette Brogden and Steven Ullrich; Newland Resources, LLC, EcoHoldings, LLC, EcoSource, LLC, Greenleaf, LLC and White River Venture Partners, L.P. (collectively the "Equity Holders") appeared by counsel, Thomas Eckerle.   This matter is a contested matter pursuant to Rule 9014 of the Federal Rules

of Bankruptcy Procedure.

The Court, being duly advised, now finds as follows:

1. The objection to Branham's claims is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(B). This Court, by 28 U.S.C. §1334 and the general order of referral, has jurisdiction to hear and determine *all claims* against the bankruptcy estate.

2. Branham's Claims 6, 9 and 12 are based on an agreement entered into on December 8, 1995 (the "Newland Contract") between Branham and Newland Resources, LLC. ("Newland").

3. Branham moved for relief from the automatic stay on September 14, 2004 in order to file an action against the Debtor and Newland in Boone County. Attached to that motion was a proposed complaint (the "Proposed Complaint") that was intended to be filed in the Boone County Circuit Court alleging in part certain wrongs committed by the Debtor. (See, docket entry #239 of September 14, 2004).

4. The Proposed Complaint was an attachment to the motion but was never designated as a proof of claim against the Debtor in this Court.

5. Branham argues that, although it sets forth other legal theories and causes of action not stated in Claims 6, 9 or 12, the Proposed Complaint should be considered an informal proof of claim.

6. The Court finds that the Proposed Complaint is not an informal proof of claim. Its caption indicates that it was intended to be filed in the Boone Circuit Court, not this Court. Furthermore, there were at least three previous occasions upon which Branham filed a proper proof of claim, utilizing the official claims forms, which leads the Court to the conclusion that Branham was well aware of how to file any claim it had

against the Debtor in this case.

7.  This Court established three deadlines for creditors to file proofs of claims. The first claims deadline was May 26, 2004. Then, in the order approving the Debtor's disclosure statement, a claims deadline of September 9, 2004 was established [1]. Finally, the December 23, 2004 order on the Debtor's application to allow and disallow claims provided that any claims filed after December 23rd were barred.

8.  Branham in fact filed Claim #6 on May 11, 2004, well before the "first" claims deadline. Any and all claims Branham had against the Debtor were to have been filed, at the latest, by December 23, 2004. As of December 23, 2004, Branham had filed claims 6, 9 and 12, and all of those claims were based on the Newland Contract.

9.  The Debtor objected to Claims 6, 9 and 12 by October 6, 2004 and a hearing was initially set on those objections for December 16, 2004. That hearing date was continued to February 2, 2005, which in turn was continued to May 18, 2005. Both continuances were at Branham's request.

10. Branham filed an "amended" proof of claim (#16) on May 17, 2005, the day before the hearing on the claims objection and over five months after the last established bar date. That amended proof of claim contained new theories of recovery against the Debtor not previously set forth in Claims 6, 9 or 12.

11. The Court finds that the "amended" proof of claim filed on May 17, 2005

---

[1] Paragraph 6 of the July 28, 2004 order approving the disclosure statement established the September 9th deadline, but did provide that...[i]f the Court has previously established a deadline to file claims, that previously established deadline shall control". Although the Court established May 26th as the claims deadline, the Debtor and the Court recognize the confusion created by the "2nd" September 9th claims deadline. No claim was disallowed solely because it was filed after May 26th.

3

should be disallowed as untimely. It does not relate back to the dates in which Claims 6, 9 or 12 were filed as it sets forth new theories of recovery.

12. In the May 18th hearing , the Debtor presented evidence in support of its objections in the form of the testimony from James Harmon and the Newland Contract entered as Exhibit #1. After the Debtor rested, Branham presented no evidence with respect to Claims 6, 9 or 12.

13. Based on Harmon's testimony and the admitted exhibit, the Court FINDS that:

(A) the Debtor's objections to Claims 6, 9 and 12 are SUSTAINED and those claims are DISALLOWED; and

(B) any claims Branham had against the Debtor were to have been filed no later than December 23, 2004 and therefore any claims Branham may have had against the Debtor are DISALLOWED.

# # #

Distribution:

Annette T. Brogden, Attorney for the Branham Corp.
Stephen P. Ullrich, Attorney for the Branham Corp.
Thomas N. Eckerle, Attorney for Newland Resources, LLC, et al
John Bator, Attorney for Boone County Utilities, LLC.
Nancy J. Gargula, United States Trustee